NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUL 10 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHRISTOPHER HADSELL, | No. 22-15760 |
| Plaintiff-Appellant, | D.C. No. 5:20-cv-03512-VKD |
| v. | |
| UNITED STATES OF AMERICA, the Department of Treasury by its agency, the Internal Revenue Service, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Virginia K. DeMarchi, Magistrate Judge, Presiding[**]

Submitted June 26, 2023[***]

Before:     CANBY, S.R. THOMAS, and CHRISTEN, Circuit Judges.

Christopher Hadsell appeals pro se from the district court's summary

judgment and dismissal order in his action brought under the Federal Tort Claims

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]   The parties consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

[***] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Act ("FTCA") and 26 U.S.C. § 7433, stemming from the government's application of tax payments to offset Hadsell's past-due child support debt. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Snyder & Assocs. Acquisitions LLC v. United States*, 859 F.3d 1152, 1156 (9th Cir. 2017) (subject matter jurisdiction); *Sollberger v. Comm'r*, 691 F.3d 1119, 1123 (9th Cir. 2012) (summary judgment). We affirm.

The district court properly dismissed Hadsell's claims under the FTCA because the claims are premised on "actions taken during the scope of the IRS's tax assessment and collection efforts" and the district court therefore lacked jurisdiction over them. *Snyder & Assocs. Acquisitions LLC*, 859 F.3d at 1157; *see also* 28 U.S.C. § 2680(c) (excepting from the FTCA's waiver of sovereign immunity "[a]ny claim arising in respect of the assessment or collection of any tax").

The district court properly granted summary judgment on Hadsell's claims under 26 U.S.C. § 7433. To the extent that Hadsell challenged the offset of past-due support against overpayments as authorized by 26 U.S.C. § 6402(c), the district court lacked jurisdiction over the claims. *See* 26 U.S.C. § 6402(g) ("No court of the United States shall have jurisdiction to hear any action . . . brought to restrain or review a reduction authorized by subsection (c)[.]"

**AFFIRMED.**